IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.    ) | CASE NO.: 2:15-CR-335-WKW |
| ) | [WO] |
| ALONZO DION PREVO  ) | |

# **ORDER**

In 2016, Defendant Alonzo Dion Prevo was sentenced to 168 months' imprisonment following a guilty plea to charges of conspiracy to distribute controlled substances and possession of a firearm by a felon. (Doc. # 550.) Defendant currently is serving his sentence at a residential reentry facility in Montgomery, Alabama, with a projected release date of September 1, 2026. (Doc. # 1082 at 1); *see also Find an Inmate*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Oct. 16, 2025).

Before the court is Defendant's *pro se* motion filed pursuant to 18 U.S.C. § 3582(c)(2) and the First Step Act of 2018 (FSA). *See* Pub. L. No. 115-391, 132 Stat. 5194 (2018) (codified at 18 U.S.C. §§ 3621, 3624, 3631–35). Defendant seeks an order from the court to apply earned time credits under the FSA in a manner that would allow him to serve the remainder of his sentence in home confinement or to begin supervised release. (Doc. # 1080.) The Government filed a response in

opposition (Doc. # 1082) to which Defendant filed a reply (Doc. # 1083). The motion will be denied for the following reasons.

First, the proper mechanism for challenging the application of FSA earned time credits is through a petition under 28 U.S.C. § 2241, which generally first requires the exhaustion of administration remedies through the Bureau of Prisons (BOP). *See generally Marquez v. Washington*, 2025 WL 2648247 (M.D. Ala. Sept. 15, 2025) (dismissing a 28 U.S.C. § 2241 petition challenging the BOP's calculations of FSA earned time credits for failure of the petitioner to exhaust administrative remedies).

Second, the court lacks jurisdiction to issue a binding order regarding Defendant's place of confinement. As the Eleventh Circuit has explained, "federal courts do not have the authority to modify a term of imprisonment except to the extent expressly authorized by statute." *United States v. McCoy*, 88 F.4th 908, 912 (11th Cir. 2023) (citing 18 U.S.C. § 3582(c)) (further citation omitted), *cert. denied*, 144 S. Ct. 1041 (2024). Under 18 U.S.C. § 3582(c), as relevant here, the court may modify a defendant's sentence in the following circumstances:

(1) If the Bureau of Prisons (BOP) or the defendant files a motion citing "extraordinary and compelling reasons" and the reduction aligns with the policy

statements from the Sentencing Commission, as well as with the applicable 18 U.S.C. § 3553(a) factors,[1] § 3582(c)(1)(A)(i);

(2) If "a statute or Federal Rule of Criminal Procedure 35 expressly permits the modification," *United States v. Ragland*, 2025 WL 1742251, at *4 (11th Cir. June 24, 2025) (per curiam) (citing § 3582(c)(1)(B)); or

(3) If "the defendant was sentenced based on a Guidelines range that the Sentencing Commission later lowered and other requirements are met," *id.* (citing § 3582(c)(2)).

Defendant has not shown the presence of any qualifying statutory circumstances. First, the BOP has not filed a motion for a sentence reduction, and Defendant has not demonstrated extraordinary and compelling reasons. Second, Rule 35 does not apply. Namely, the Government has not sought a reduction of Defendant's sentence for substantial assistance. *See* Fed. R. Crim. P. 35(b)(1).

---

[1] As explained in the Eleventh Circuit's unpublished decision in *United States v. Wise*,

> Section 1B1.13 of the Sentencing Guidelines provides the applicable policy statement for § 3582(c)(1)(A). The application notes to § 1B1.13 list four categories of extraordinary and compelling reasons: (A) the defendant's medical condition, (B) his age, (C) his family circumstances, and (D) other reasons. *Id.*, comment. n.1(A)–(D). . . . In addition to determining that extraordinary and compelling reasons warrant a reduction, § 1B1.13 states that the district court must also determine that the defendant is not a danger to the safety of others or the community, as provided in 18 U.S.C. § 3142(g). *Id.* § 1B1.13(2).

2023 WL 4446357, at *3 (11th Cir. July 11, 2023) (per curiam).

Additionally, although Rule 35(a) permits the district court to correct "arithmetical, technical, or other clear error" within fourteen days of sentencing, Fed. R. Crim. P. 35(a), Defendant filed his motion more than eight years after his sentencing. Third, Defendant has not shown that his sentence was based on a guidelines range subsequently reduced by the Sentencing Commission. As a result, the court lacks jurisdiction to reduce Defendant's sentence.

The court may only offer nonbinding recommendations to the BOP regarding placement in home confinement. In this instance, the court declines to make such a recommendation, as the BOP is better positioned to assess whether such placement is appropriate.

Accordingly, it is ORDERED that Defendant's *pro se* motion (Doc. # 1080) is DENIED.

DONE this 16th day of October, 2025.

                                                      /s/ W. Keith Watkins
                                      UNITED STATES DISTRICT JUDGE